IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR FOOD SAFETY, et al. ) | Case No. 11-1310-SC |
| ) | |
| Plaintiffs, ) | ORDER DENYING PLAINTIFFS' |
| ) | MOTION TO SHORTEN TIME |
| v. ) | |
| ) | |
| THOMAS J. VILSACK, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

I.  **INTRODUCTION**

On October 13, 2011, Plaintiffs Center For Safety, et al. ("Plaintiffs") filed a Motion to Complete the Administrative Record as well as a Motion to Shorten Time to expedite the hearing on the Motion to Complete the Administrative Record. ECF Nos. 147 ("Mot. to Complete Admin. R."), 149 ("Mot. to Shorten Time"). The Motion to Shorten Time is fully briefed. ECF Nos. 152 ("Monsanto Opp'n"),[1] 154 ("Defs.' Opp'n"), 155 ("Reply"). Defendants have yet to file an opposition to the Motion to Complete the Administrative Record. For the reasons set forth below, the Court DENIES Plaintiffs' Motion to Shorten Time. Plaintiffs' Motion to Complete the Administrative Record is considered WITHDRAWN.

///

---

[1] Monsanto Company ("Monsanto") has intervened as a defendant in this action.

## II. BACKGROUND

Plaintiffs filed this case against Defendants Thomas J. Vilsack, et al. ("Defendants"), challenging the decision by the United States Animal and Plant Health Inspection Service ("APHIS"), to unconditionally deregulate genetically engineered "Roundup Ready" alfafa ("RRA"). ECF No. 13 ("FAC"). As some of Plaintiffs' claims arise under the Administrative Procedures Act ("APA"), 7 U.S.C. § 7701 et seq., the Court ordered Defendants to file an Administrative Record by August 15, 2011. ECF No. 78 ("June 30, 2011 Order"). The Court set a consolidated briefing schedule for cross motions for summary judgment whereby motions were to be filed by September 22, 2011 and oppositions by October 24, 2011.[2] The cross motions are set for hearing on December 2, 2011.

On August 14, 2011, Defendants lodged the Administrative Record with the Court and sent copies to Plaintiffs. ECF No. 92 ("Not. of Admin. R."). Defendants apparently experienced numerous problems with their production as they recalled and resubmitted the Administrative Record at least three times over the course of the next month. Mot. to Shorten Time at 3, n.1. Defendants eventually produced a final, Revised Administrative Record on September 14, 2011. ECF No. 102 ("Not. of Rev. Admin Record."). Plaintiffs state that Defendants also produced a 500 page index of all documents in the Revised Administrative Record with claims of privilege scattered throughout.

On September 22, 2011, Plaintiffs, Defendants, and Monsanto filed cross motions for summary judgment. ECF Nos. 103 ("Defs.'

---

[2] Motions and oppositions were originally due on September 14, 2011 and October 14, 2011, respectively. June 30, 2011 Order. However the parties stipulated to changes in time. ECF Nos. 100 ("September 13, 2011 Order"), 151 ("October 14, 2011 Order").

2

1  MSJ"), 104 ("Monsanto MSJ"), 106 ("Pls.' MSJ").  On October 13,
2  2011, one week before the deadline for filing oppositions to the
3  motions for summary judgment, Plaintiffs filed a Motion to Complete
4  the Administrative Record, noticed for hearing on November 18,
5  2011.  Mot. to Complete Admin. R.  Plaintiffs argue that Defendants
6  withheld nearly a third of the Administrative Record based on the
7  improper assertion of the deliberative process and attorney-client
8  privileges.  Id. at 2.
9     Also on October 13, 2011, Plaintiffs filed their Motion to
10 Shorten Time, asking the Court to hear their Motion to Complete the
11 Administrative Record on October 28, 2011, or at its earliest
12 possible convenience.  Mot. to Shorten Time at 1.  Alternatively,
13 Plaintiffs asked that the summary judgment briefing continue as
14 scheduled, with a single round of optional supplemental briefing
15 following resolution of the dispute concerning the Administrative
16 Record.  Id. at 1.  In their Reply, Plaintiffs stated that, "should
17 the Court be inclined to stay ongoing briefing and argument on
18 cross motions for summary judgment, pursuant to Civil Local Rule 7-
19 7, Plaintiffs respectfully withdraw the Motion to Complete the
20 Administrative Record."  Reply at 5.

22 **III. DISCUSSION**
23    "The district court is given broad discretion in supervising
24 the pretrial phase of litigation."  Zivkovic v. Southern California
25 Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v.
26 Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)).
27 Civil Local Rule 37-1 provides that "[t]he Court will not entertain
28 a request or a motion to resolve a disclosure or discovery dispute

unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civil Local Rule 6-3 provides that a motion to shorten time must be accompanied by a declaration that, among other things, identifies the harm or prejudice that would occur if the Court did not change the time and describes the moving party's compliance with Civil Local Rule 37-1(a). Civ. L.R. 6-3.

In the instant action, Plaintiffs filed a Motion to Complete the Administrative Record and a Motion to Shorten Time to expedite the resolution of their Motion to Complete the Administrative Record. Plaintiffs contend that expedited resolution is required to avoid erroneously denying Plaintiffs data and information supporting their arguments for summary judgment. Mot. to Shorten Time at 1. However, Plaintiffs have also indicated that they are willing to withdraw their Motion to Complete the Administrative Record if it will delay resolution of the pending cross motions for summary judgment. Reply at 5. There is no indication that Plaintiffs met and conferred with Defendants prior to filing their Motion to Complete the Record. Plaintiffs argue such efforts are not required since this matter does not constitute a discovery dispute under Civil Local Rule 37-1. Id. at 2-3.

Defendants disagree with Plaintiffs' contention that the Motion to Complete the Administrative Record does not involve a disclosure or discovery dispute, pointing out that Plaintiffs have challenged Defendants' privilege designations and effectively seek to compel the production of documents. Defs.' Opp'n at 2. Defendants also argue that Plaintiffs have not justified their expedited briefing schedule as they were capable of challenging

4

1  Defendants' privilege designations before they brought their Motion
2  to Complete the Administrative Record.  Id. at 3.  While Defendants
3  concede that they revised the Administrative Record several times
4  due to inadvertent errors, they argue that Plaintiffs have had the
5  bulk of the record in word searchable format since August 15, 2011.
6  Id.  Further, Defendants complain that Plaintiffs' motions were
7  filed after the parties submitted their motions for summary
8  judgment based on the current Administrative Record and one week
9  prior to the deadline for oppositions.  Id. at 4.

10      The Court finds that because the current dispute involves
11  "disclosure or discovery matters," i.e., the assertion of privilege
12  and the production of documents, Plaintiffs should have met and
13  conferred with Defendants prior to submitting their Motion to
14  Complete the Administrative Record and their Motion to Shorten
15  Time.  Accordingly, Plaintiffs' Motion to Shorten Time is DENIED.

16      The Court would be inclined to (1) grant Plaintiffs' leave to
17  meet and confer with Defendants concerning the dispute over the
18  Administrative Record and re-file their Motion to Complete the
19  Administrative Record if these meet and confer efforts proved
20  unsuccessful, and (2) stay the cross motions for summary judgment
21  pending the resolution of the dispute over the Administrative
22  Record.  However, Plaintiffs have indicated that speedy resolution
23  of the pending summary judgment motions is paramount and that,
24  "should the Court be inclined to stay ongoing briefing and
25  argument, pursuant to Civil Local Rule 7-7, Plaintiffs respectfully
26  withdraw the Motion to withdraw the Motion to Complete the
27  Administrative Record."  Reply at 5.  Civil Local Rule 7-7 provides
28  "[w]ithin 7 days after service of an opposition, the moving party

United States District Court
For the Northern District of California

may file and serve a notice of withdrawal of the motion. Upon the filing of a timely withdrawal, the motion will be taken off-calendar." Civ. L.R. 7-7(e). As Defendants have yet to file an opposition to the Motion to Complete the Administrative Record, withdrawal is proper. Accordingly, the Court considers Plaintiffs' Motion to Complete the Administrative Record withdrawn. The summary judgment briefing schedule will continue as scheduled.

**IV. CONCLUSION**

The Court DENIES Plaintiffs' Motion to Shorten Time and considers Plaintiffs' Motion to Complete the Administrative Record WITHDRAWN.

IT IS SO ORDERED.

Dated: October 24, 2011

UNITED STATES DISTRICT JUDGE

6